# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TONY L. ARELLANO,**
    **Plaintiff,**

 v.                Case No. 17-C-1189

**CORPORATE SECURITY SOLUTIONS, INC.,**
    **Defendant.**

---

## ORDER

    On July 24, 2017, plaintiff filed this action against Corporate Security Solutions, Inc. ("CSSI"), alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*, relating to CSSI's issuance of an erroneous background screening report of plaintiff and its failure to correct this report upon request. ECF No. 1. Neither party filed a dispositive motion following the close of discovery, at which point I entered an order setting trial for October. ECF No. 31. On July 23, 2019, counsel for defendant contacted plaintiff's counsel, indicating that their client might decide to stop financing its legal defense and that defendant's counsel would then attempt to withdraw. ECF No. 32-3. On July 25, plaintiff filed, among other motions, a motion for leave to amend his complaint beyond the deadline allowed by the court's initial scheduling order. ECF No. 32. *See also* ECF No. 32-2 (Proposed FASC); ECF No. 15 at ¶ 2 ("The deadline to join additional parties and amend pleadings is February 23, 2018."). Because I find amendment of the pleadings justified under both Rule 16(b) and Rule 15, I will grant plaintiff's motion and allow him to amend and supplement his complaint as proposed.

## I. LEGAL STANDARD

Whether to allow a plaintiff leave to amend his complaint is within the trial court's discretion. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing *Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wis. v. United States*, 367 F.3d 650, 668 (7th Cir. 2004)). A party seeking to amend a complaint after the filing of a responsive pleading, without the adverse party's consent, must move for leave to file the amended complaint and leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). A court reviewing a motion to amend the complaint filed after the expiration of the scheduling order deadline to amend pleadings must first consider whether the moving party has shown "good cause" under Fed. R. Civ. P. 16(b). *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) (trial court was "entitled to apply the heightened good-cause standard of Rule 16(b)(4) *before* considering whether the requirements of Rule 15(a)(2) were satisfied.") (emphasis added). A district court may deny leave for undue delay, bad faith, undue prejudice to the opposing party by allowing the amendment, or futility. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (quotes and citations omitted).

## II. DISCUSSION

Plaintiff argues that CSSI's principal, John Glavin, misled plaintiff by asserting that CSSI was winding up its operations and that Glavin himself was retiring; in reality, Glavin is not retiring, but has set up two other companies, CSSI Services, LLC and CSSI Data, Inc.,[1] with substantially the same operations in the time since this lawsuit

---

[1] Plaintiff also includes evidence with its reply that suggests that Glavin is manager of two additional companies, Remedy Data Solutions Holdings, LLC and Remedy Data Solutions, LLC. ECF No. 37-1 at ¶¶ 28-33. *See also* ECF Nos. 37-10 through 37-13.

was filed. *See* ECF No. 32 at ¶ 9. Plaintiff's proposed amended complaint seeks to join Glavin and these two entities as defendants and add successor, alter ego, and fraudulent transfer liability claims. *Id.* at ¶ 11. *See also* ECF No. 32-2. Plaintiff also seeks to supplement his initial complaint to note that the original defendant refused for months to identify the source of inaccurate information it reported about plaintiff. ECF No. 32 at ¶ 12. Defendant objects on the grounds that plaintiff has not shown good cause and that it will suffer unfair prejudice by dramatically changing the scope of this litigation. *See* ECF No. 34.

In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment. *Alioto*, 651 F.3d at 720 (citing *Trustmark*, 424 F.3d at 553). I find no lack of diligence here on the plaintiff's part. Ordinarily, a request to amend pleadings after nearly two years' worth of litigation would likely indicate a lack of diligence. However, in this case, defendant's counsel indicated to plaintiff two days before the filing of this motion that CSSI "has no meaningful assets" and that Glavin was "weighing the likely option of not further spending money to defend this matter and simply taking the judgment against CSSI." ECF No. 32-3. It is this notice of defendant possibly abandoning its defense and its lack of assets, in conjunction with the knowledge of Glavin's other enterprises in the face his supposed retirement, that is the moment at which plaintiff had to act with diligence. It seems clear that even if the information about the existence of CSSI Services and CSSI Data[2] was available and could have been raised earlier, a motion to amend would likely have been inappropriate

---

[2] Both entities were incorporated in the year preceding this motion but after this litigation had commenced. *See* ECF Nos. 37-3 through 37-9. Glavin indicated in a December 2018 deposition that CSSI was wrapping up its operations and that Glavin himself was retiring.

3

while defendant was still willing to litigate the matter and able to satisfy a judgment. However, moving to amend became appropriate when this information about CSSI Services and CSSI Data was paired with notice of the defendant's intentions in the July 23 email. Filing this motion two days after receiving notice from the defendant that it was abandoning its case, and its counsel withdrawing, was sufficiently diligent on plaintiff's part and constitutes "good cause" under Rule 16(b)(4).

Rule 15(a)(2) reflects a liberal attitude towards the amendment of pleadings. *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848–49 (7th Cir. 2002). Courts also have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or where the amendment would be futile. *Moore v. Peterson*, 2016 WL 7017380, at *4 (E.D. Wis. Dec. 1, 2016) (citing *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009)). *See also Malicki v. Leman USA, Inc.*, 2018 WL 5650019, at *2 (E.D. Wis. Oct. 31, 2018) ("[A]ny amendment to a complaint will cause some degree of prejudice to the defendant. The question is not whether there is prejudice, but whether that prejudice is undue."). Given the circumstances, I cannot identify any prejudice to defendant that is undue or unfair, particularly given the defendant's eleventh-hour notice of imminent withdrawal from the case paired with the seemingly dishonest deposition testimony by CSSI's principal. Defendant has not shown any other compelling reason to deny the motion. I conclude that the interests of justice are best served by allowing this amendment.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to amend his complaint (ECF No. 32) is **GRANTED**. The proposed amended complaint at ECF No. 32-2 is the operative complaint in this case. The caption for future filings will reflect the three new defendants.

Dated at Milwaukee, Wisconsin, this 27th day February, 2020.

s/Lynn Adelman
LYNN ADELMAN
District Judge